# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JOSEPH EADS, | : Case No. 3:24-cv-279 |
| Plaintiff, | : |
| vs. | : District Judge Michael J. Newman |
| | : Magistrate Judge Stephanie K. Bowman |
| MONTGOMERY COUNTY SHERIFF'S OFFICE OFFICER CENTERS, et al., | : |
| Defendants. | : |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding without the assistance of counsel, has filed a civil rights complaint and amended complaint in this Court. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint, as amended, to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**Screening of Plaintiff's Complaint**

A. **Legal Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing

frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)(1) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

---

[1] Formerly 28 U.S.C. § 1915(d).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

B. **Allegations in the Complaint**

Plaintiff brings this action in connection with two attacks that he alleges occurred at the Montgomery County Jail on June 29 and June 30, 2024. In the initial complaint submitted to the Court, plaintiff named the Montgomery County Sheriff's Office, Officer Centers, and "Jail

3

Administrator – Sgt. Housing/Classification" as defendants, based on his allegation that these defendants were responsible for the attacks. (*See* Doc. 1-1, Complaint at PageID 14, 16-17). In the supplemental amended complaint, plaintiff includes additional factual allegations underlying his claims and names the following additional individuals/entities as defendants to this action: Montgomery County, Officer Thompson, Officer Allen, Officer Gilmore, Deputy Creagor, Deputy Miller, Sergeant Crowe, the Montgomery County Medical Staff, and unnamed employees of the Medical Facility. (*See* Doc. 1-6, Amended Complaint at PageID 33).

Plaintiff alleges that on June 29, 2024, while a federal pretrial detainee at the Montgomery County Jail, his personal belongings were lost during a cell transfer. According to plaintiff, he informed a shift supervisor of the issue, who stated that defendant Officer Centers was responsible for his property. Plaintiff claims that Officer Centers advised the supervisor that he gave plaintiff's property to another inmate. (*Id.*).

Plaintiff alleges that Centers—who informed plaintiff that he got in trouble with his supervisor as a result of plaintiff's grievance concerning the lost property—became angry with plaintiff and stated that plaintiff "was going to pay" for complaining about his lost property. (*Id.* at PageID 34). Plaintiff further alleges that Centers had a conversation with three to four other inmates before the inmates attacked him. According to plaintiff, "I was beat unconscious . . . there was blood everywhere, my head was busted open, mouth busted, face beat black and blue." (*Id.*).

Plaintiff alleges that additional officers and medical were called as a result of the incident, including defendants Allen, Gilmore, Creagor, Miller, and Crowe. (*Id.*). Plaintiff claims he was then relocated to an attorney room where medical checked over him and

4

determined that he should be transferred to the hospital for care. As a result of the substantial injuries resulting from the incident, plaintiff claims he received nine stitches in his head and five stitches in his lip. Plaintiff alleges that he suffered a concussion, a broken bone in his back, and experienced rib pain to the point that he could not breathe. (*Id.* at PageID 35).

Based on his condition and medication administered at the hospital, plaintiff claims he was supposed to be placed on a medical hold for seventy-two hours upon his return to the Montgomery County Jail. According to plaintiff, however, he was placed in general population and attacked by eight inmates. (*Id.*). Plaintiff claims that as a result of the second attack the stiches on his head and lips were burst open, his eyes were swollen shut, and he sustained injuries to his chest, jaw, and face. (*Id.* at PageID 36). Plaintiff further claims that the attack lasted approximately ten minutes, before an undisclosed sergeant took him to medical. Plaintiff explains that he was again transported to the hospital for a higher level of care.

As relief, plaintiff seeks monetary damages. (*Id.* at PageID 36. *See also* Doc. 1-1, Complaint at PageID 17).

**C. Analysis**

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed with this action against defendant Officer Centers, as well as the unidentified defendant "Jail Administrator – Sgt. Housing/Classification," who he alleges failed to protect him from the attacks. These claims are deserving of further development and may proceed at this juncture.[2]

---

[2] The Court has not made a determination as to the merits of the claims or potential defenses thereto, nor is defendant precluded from filing a motion to dismiss, motion for more definite statement, or other appropriate motion under the Federal Rules of Civil Procedure. *See, e.g., Wiley v. Austin*, No. 8:20CV220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

Plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

First, the complaint should be dismissed as to Montgomery County, the Montgomery County Sheriff's Office, and the Montgomery County Medical Staff. Only "a person" acting under color of state law is subject to suit or liability under 42 U.S.C. § 1983. With respect to the Montgomery County Sheriff's Office, a county jail or county sheriff's office is not a "person" within the meaning of § 1983. *See*, *e.g.*, *Marbry v. Corr. Med. Services*, No. 99–6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000); *Aladimi v. Hamilton Cnty. Justice Ctr.*, No. 1:09-cv-398, 2012 WL 292587, at *7 (S.D. Ohio Feb. 1, 2012) (Bowman, M.J.) (Report & Recommendation), adopted, 2012 WL 529585 (S.D. Ohio February 17, 2012) (Barrett, J.); *Mischer v. Cuyahoga Cnty. Jail*, No. 1:11-cv-1201, 2011 WL 4529331, at *2 (N.D. Ohio Sept. 28, 2011). *See also Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that the Sheriff's Department "is not a legal entity subject to suit" under § 1983). A prison medical staff is also not a "person" subject to suit under § 1983. *See Hix v. Tenn. Dept. of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006); *Anderson v. Morgan Cnty. Corr. Complex*, No. 15-6344, 2016 WL 9402910, at *1 (6th Cir. 2016). Plaintiff has failed to state an actionable claim against the Montgomery County Sheriff's Office or Medical Staff. Finally, as to Montgomery County itself, plaintiff has failed to plead that his constitutional rights were violated pursuant to a county policy. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). The complaint therefore should be dismissed as to the defendants Montgomery County, the Montgomery County Sheriff's Office, and the Montgomery County Medical Staff.

The complaint should also be dismissed as to defendants Thompson, Allen, Gilmore,

Creagor, Miller, Crowe, and any unidentified "employees of the medical facility."  Plaintiff does not include any factual allegations against these defendants, aside from his allegation that the officers and additional medical personnel were called following his initial attack.  (Doc. 1-6, Amended Complaint at PageID 34).  According to plaintiff, he was transported from the scene of the attack, his injuries were assessed, and he was transferred to a hospital for care.  Plaintiff fails to set forth any factual allegations that these defendants failed to protect him from harm, denied him medical treatment, or otherwise violated his rights.  Accordingly, Thompson, Allen, Gilmore, Creagor, Miller, Crowe, and the unidentified employees of the medical facility should be dismissed as defendants to this action.

Accordingly, in sum, plaintiff may proceed with this action against Officer Centers and the unidentified defendant "Jail Administrator – Sgt. Housing/Classification."

However, before service may be issued upon the unidentified defendant "Jail Administrator – Sgt. Housing/Classification," plaintiff must file a motion to issue service setting forth the identity of the unidentified defendant.  Plaintiff is therefore **ORDERED** to file a motion to issue service, including United States Marshal and summons forms, if and when plaintiff discovers the identity of the unnamed defendant through discovery.  Plaintiff is advised that no service will be issued on the unnamed defendant unless plaintiff complies with this Order.

Having found that the remaining claims alleged in the complaint fail to state a claim upon which relief may be granted, plaintiff's remaining claims should be dismissed.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A(b), with the exception of plaintiff's claims against defendants Officer Centers and "Jail Administrator – Sgt. Housing/Classification."

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

### IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, the Order granting plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendant Officer Centers with costs of service to be advanced by the United States.

Before service may be issued upon the remaining unidentified defendant— "Jail Administrator – Sgt. Housing/Classification"—plaintiff must file a motion to issue service setting forth the identity of the unidentified defendant. Plaintiff is therefore **ORDERED** to file a motion to issue service, including United States Marshal and summons forms, if and when plaintiff discovers the identity of the unnamed defendant through discovery. Plaintiff is advised that no service will be issued on the unnamed defendant unless plaintiff complies with this Order.

2. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel. Any paper received by a district judge or magistrate

8

judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

          *s/Stephanie K. Bowman*
          Stephanie K. Bowman
          United States Chief Magistrate Judge